IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JILLIAN ADE,                              )
                                          )
                        Plaintiff,        )
                                          )
v.                                        )          Case No. 17-cv-4117-HLT-TJJ
                                          )
CONKLIN CARS SALINA, L.L.C.,              )
                                          )
                        Defendant.        )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Amend (ECF No. 21).

Defendant opposes the motion.   For the reasons set forth below, the Court will grant Plaintiff's

motion.

## Background Information

Plaintiff Jillian Ade filed this action against Defendant Conklin Cars Salina, L.L.C.,

alleging a single count of discrimination on the basis of sex. Plaintiff alleges Defendant

terminated her employment when she was performing as well as her male counterparts. The

Court held a Scheduling Conference and entered a Scheduling Order for the case which includes

an August 17, 2018 deadline for the parties to file motions to amend their pleadings or add

parties.   Plaintiff filed the instant motion on August 24, 2018, one week after the deadline,

seeking to add a count alleging Defendant violated public policy by terminating her employment

in retaliation for Plaintiff complaining to her supervisor that the company was improperly

deducting incentive bonuses from the guarantees of sales employees working under her

supervision.

Defendant opposes the motion, arguing Plaintiff has failed to show good cause for

belated amendment of her complaint, and that Plaintiff's proposed amendment is futile because

she has an alternative remedy under federal law.

**Standard for Ruling on a Motion to Amend**

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend the party's pleading once as a matter of course within 21 days after serving it or before a responsive pleading is served.[1]   Subsequent amendments are allowed only by leave of court or by written consent of the adverse party.[2]   The court should "freely give leave [to amend] when justice so requires,"[3] and the Supreme Court has emphasized that "this mandate is to be heeded."[4]   A district court should refuse leave to amend only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed or futility of amendment.[5]   A proposed amendment is futile if the amended complaint would be subject to dismissal.[6]   The purpose of Rule 15(a) "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[7]

---

[1] Fed. R. Civ. P. 15(a)(1).

[2] Fed. R. Civ. P. 15(a)(2).

[3] *Id.*

[4] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[5] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010).

[6] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[7] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal citation omitted).

When the deadline for amending pleadings set in the scheduling order has passed, as is the case here, Federal Rule of Civil Procedure 16(b)(4) is implicated. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[8]

The Court will apply a two-step analysis based on both Rule 16(b) and Rule 15(a) when faced with a request to amend a complaint past the scheduling order deadline.[9] In other words, the Court will first determine whether the moving party has established "good cause" within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion. Only after determining that good cause has been established will the Court proceed to determine if movant has satisfied the more lenient Rule 15(a) standard.[10]

To establish good cause under Rule 16(b)(4), the moving party must show that the deadline could not have been met even if it had acted with due diligence.[11] The lack of prejudice to the nonmovant does not show good cause.[12] A district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for the abuse of discretion.[13]

---

[8] Fed. R. Civ. P. 16(b)(4). In addition, the Scheduling Order in this case states that the schedule "will not be modified except by leave of court upon a showing of good cause." ECF No. 20 at 12.

[9] *See, e.g., Lone Star Steakhouse and Saloon, Inc. v. Liberty Mut. Ins. Group,* No. 12-1185-WEB, 2003 WL 21659663, at *2 (D. Kan. March 13, 2003).

[10] *See Boatright v. Larned State Hosp.*, No. 05-3183-JAR, 2007 WL 2693674, at *6 (D. Kan. Sept. 10, 2007) (recognizing the Rule 15(a) standard as more lenient than the "good cause" standard of Rule 16(b)).

[11] *Id.* at *5.

[12] *Lone Star Steakhouse*, 2003 WL 21659663, at *2.

[13] *Ingle v. Dryer*, No. 07-cv-00438-LTB-CBS, 2008 WL 1744337, at *2 (D. Colo. April 11, 2008).

**Analysis**

The Court begins by examining whether Plaintiff has met the good cause burden to amend the Scheduling Order in this case.

### A. Rule 16(b)(4)

Plaintiff asserts good cause exists to allow her untimely motion because she did not learn of the information which gives rise to a cause of action for termination in violation of Kansas public policy until counsel reviewed documents Defendant produced in discovery. Specifically, the reference is to an email exchange between Plaintiff and her supervisor in which Plaintiff complained that the company was improperly deducting incentive bonuses from the guarantees of sales employees working under her. Defendant complains it made the disclosure on July 6, 2018, more than five weeks before Plaintiff filed the instant motion. Plaintiff does not dispute the timeline but points out that Defendant's production, which occurred nearly three weeks after it was due, contained 763 pages of documents in addition to interrogatory answers.[14] Counsel represents it took that amount of time to review the documents and determine the legal implications of the email exchange. In addition, Plaintiff represents the parties have conducted no depositions in this case, and the court docket indicates the only discovery that has taken place have been reciprocal Requests for Production of Documents and Interrogatories.

The Court notes that Plaintiff's motion comes only one week after the deadline for its filing. The Court finds Plaintiff has shown good cause for seeking to amend her complaint after

---

[14] Plaintiff agreed to Defendant's requests for extension of time to respond to Plaintiff's discovery requests.

the Scheduling Order deadline to do so expired, and now turns to analysis of the more lenient

Rule 15(a) standard.

**B.      Rule 15(a)**

Defendant contends Plaintiff's proposed amendment is futile because it fails to state a

claim upon which relief can be granted and would therefore not survive a motion to dismiss.

Defendant cites Kansas law holding that a claim for retaliatory discharge requires a plaintiff to

demonstrate she was discharged in contravention of public policy and had no adequate

alternative remedy under state or federal law.[15]   According to Defendant, Plaintiff has an

adequate alternative remedy available under the Fair Labor Standards Act (FLSA), although

Defendant offers no explanation or legal support for what the cause of action would be.

Plaintiff disagrees that she has an adequate remedy under the FLSA.   As she points out,

the FLSA establishes minimum wage, overtime pay, and child labor standards.[16]   Her amended

complaint raises none of those issues, but instead is "based on the fact she complained to her

supervisor that the company was improperly deducting incentive bonuses from the guarantees of

sales employees working under her."[17]  Plaintiff also notes she was "complaining on behalf of

other employees, not herself, and . . . the complaint related to the application of promised

incentive bonuses."[18]

---

[15] *E.g., Conner v. Schnuck Mkts.*, 906 F. SUpp. 606, 615 (D. Kan. 1995).

[16] 29 U.S.C. §§ 206, 207, 212.

[17] ECF No. 25 at 3.

[18] *Id.*

Plaintiff's view is that her claim is properly brought as one for public policy wrongful termination under Kansas law. However, in the event the Court concludes her remedy is instead under the FLSA, Plaintiff requests leave to modify her proposed amendment to include an FLSA claim.

If what Plaintiff complained about can properly be classified as an alleged wage and hour violation, Defendant is correct. In *Conus v. Watson's of Kansas City, Inc.*, Case No. 11-cv-2149-JAR-KGG, 2011 WL 4348315 (D. Kan. Sept. 16, 2011), Judge Robinson granted a motion to dismiss a count seeking relief under Kansas common law for wrongful termination in a case alleging plaintiff was fired after having contacted the Kansas Department of Labor and the U.S. Department of Labor to report his employer's wage and hour violations. Plaintiff repeated the same allegations in a count seeking relief under the FLSA for retaliatory discharge, and argued he was entitled to plead two plausible alternative claims.[19] Plaintiff asserted the court should not force him to elect between two claims for relief at the pleading stage. Judge Robinson disagreed. "Under the alternative remedies doctrine, however, a plaintiff has no plausible claim under Kansas common law if an adequate remedy exists under federal law. Therefore, if precluded, the Kansas common law claim is implausible at any stage of litigation."[20]

---

[19] 2011 WL 4348315, at *2. Plaintiff also argued the FLSA provides an inadequate remedy because it does not allow the same damages available under the Kansas common law claim. Judge Robinson concluded that even if the FLSA does not provide plaintiffs the opportunity to seek punitive damages, it still offers an adequate alternative remedy to the Kansas common law for wrongful termination. *Id.* at *4. Under the adequate alternative remedy doctrine, "[a]n *exact* alternative remedy is not required for preclusion, only an *adequate* alternative remedy." *Id*. at *3.

[20] *Id.* at *2.

The Court does not have sufficient information to determine whether Plaintiff's allegations constitute a claim for relief under the FLSA. On its face, Plaintiff's claim does not fit neatly into the framework of the FLSA. Presumably Defendant is referring to the minimum wage provisions of the statute, which also encompass certain regulations concerning commissions. While the Court has concluded Plaintiff has established good cause to amend her complaint, she can avoid futility only if she asserts the appropriate claim. Accordingly, the Court will grant Plaintiff's motion, but directs Plaintiff to determine whether to assert her Count II retaliatory discharge claim under Kansas common law or under the FLSA.

**Conclusion**

For the reasons discussed above, the Court finds no basis to deny Plaintiff leave to file her Second Amended Complaint, and further finds justice requires that Plaintiff be afforded the opportunity to do so.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Amend (ECF No. 21) is GRANTED.

IT IS FURTHER ORDERED that pursuant to D. Kan. Rule 15.1(b), Plaintiff shall file and serve her Amended Complaint on Defendant Conklin Cars Salina, L.L.C. within ten (10) days of the date of this Memorandum and Order. Count II of the Amended Complaint shall seek relief under Kansas common law or the FLSA, as Plaintiff determines.

IT IS SO ORDERED.

Dated this 3rd day of October, 2018 at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

7